UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA A. STRICKLAND,

    Plaintiff,

v.                                                  Case No.:   2:19-cv-617-FtM-38MRM

R.J. REYNOLDS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Barbara A. Strickland failed to comply with the Court's December 2, 2019 Order (Doc. 8) requiring her to file an Amended Complaint and a renewed motion for leave to proceed *in forma pauperis*, or to pay the required filing fee. Based upon that failure and Plaintiff's failure to prosecute this action, the Undersigned respectfully recommends that this case be dismissed.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff Barbara A. Strickland filed a Complaint on August 26, 2019. (*See* Doc. 1). Plaintiff also filed an Affidavit of Indigency, which the Undersigned construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 4.07. (Doc. 2). On December 2, 2019, the Court ordered Plaintiff to file an Amended Complaint that complied with the pleading requirements detailed in the Order. (Doc. 8 at 5). The Court directed Plaintiff to, among other things, file the Amended Complaint no later than December 23, 2019 and warned Plaintiff that failure to comply would result in the Undersigned recommending to the presiding United States District Judge that this action be dismissed. (*Id.* at 5-6). Alternatively, the Court gave Plaintiff the option to pay the filing fee and proceed to effectuate service of process on the

Defendant by a specified deadline.  (*Id.* at 6).  Plaintiff failed to comply timely with the Court's December 2, 2019 Order.

## ANALYSIS

As explained in the Undersigned's December 2, 2019 Order (Doc. 8 at 1-2), 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief.  A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  As explained in the Undersigned's December 2, 2019 Order (Doc. 8 at 4-5), the Undersigned finds and recommends that the Complaint (Doc. 1) is defective for at least three (3) reasons.

First, Plaintiff asserts factual allegations in the Complaint that are difficult to follow.  Plaintiff appears to allege "R.J. Reynolds A.K.A. Big Tabacco [sic]" is selling candy cigarettes to children with the intent of having those children become addicted to real cigarettes.  (Doc. 1 at 1).[1]  She claims R.J. Reynolds should at least warn the children of the dangers of smoking.  (*Id.*).  Plaintiff also claims she purchased candy cigarettes at a local store but that the store no longer sells these products.  (*Id.*).  These allegations do not amount to a claim or cause of action cognizable in federal court.

Second, Plaintiff has not included a short and plain statement of the grounds for this Court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).  While it appears Plaintiff may be trying to avail herself of diversity jurisdiction under 28 U.S.C. §1332, she only alleges "the candy ciggarettes [sic] and gum are made by World Confections, out of New Jersey, South

---

[1] Unless otherwise noted, the Court cites to the pagination in CM/ECF.

Orange [sic]" and "Plaintiff purchased them at 'Big Lots' in North Fort Myers, Florida." (Doc. 1 at 1). Because of this, she insists, "[t]his Honorable Court should have all the Power and Authority [sic] to hear this case." (*Id.*). These allegations are insufficient to satisfy this Court that it has jurisdiction to hear this case because Plaintiff does not clearly state the citizenship of the parties or the amount in controversy.

Third, Plaintiff has filed an impermissible shotgun pleading that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. Plaintiff's Complaint (Doc. 1) is difficult to follow given the unnecessary information included therein and the multiple documents cobbled together to attempt to make out a complaint. For example, she includes a bulleted list of her alleged medical conditions. (Doc. 1-1 at 3). Plaintiff discusses how the store she claims to have purchased the candy from has removed the product and redesigned their store. (Doc. 1-2 at 1). She opines about the "stock market" taking "a huge plunge" and the media's reaction, and R.J. Reynolds intentionally hiding ownership of several companies. (Doc.1-2 at 1). She also asks the Court to receive trade papers from the Federal Trade Commission. (*Id.*). Indeed, the majority of Plaintiff's Complaint has little to do with what she is attempting to allege.

Plaintiff's failure to timely amend the Complaint to cure these defects, as ordered, warrants dismissal of the action. *See* 28 U.S.C. § 1915(e)(2)(B).

Under M.D. Fla. R. 3.10(a), moreover, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." Plaintiff's failure to comply with

3

the Undersigned's Order in any respect is a failure to diligently prosecute this action and justifies dismissal.  M.D. Fla. R. 3.10(a).

## CONCLUSION

For the foregoing reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that this action be dismissed for failure to comply with the Court's Order as detailed above and for failure to prosecute.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties